## Henry Koehler & Company v. Anderson, et al.

(Decided December 17, 1926.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

Mechanics' Liens.—Evidence held insufficiently certain to establish a materialman's lien, under Ky. Stats. section 2463.

BEN F. GARDNER for appellant.

STANLEY W. NEWHALL, JOHN C. WICKLIFFE and WILL L. DOOLAN for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part and reversing in part.

Appellant, Henry Koehler & Company, is attempting by this action to enforce a materialman's lien under section 2463, Kentucky Statutes. Appellee, Addie Anderson, was the owner of three building lots on Ashland ave-

nue, in Louisville, and her husband, Joe Anderson, was a builder and contractor and desired to erect three houses upon the three lots of his wife. To do so he applied to appellant company to buy the lumber and material, and did obtain a large part of the material from appellant. Later appellant filed its lien as provided by section 2463, Kentucky Statutes. At the time appellant was furnishing material for the three houses on Ashland avenue it was furnishing to Joe Anderson, the contractor, material for a number of other houses in different parts of the city, and it is now contended by appellees, who are also claimants of liens for material furnished for the same houses, that much if not all of the material charged by appellant against Joe and Addie Anderson and embraced in its lien claim against the houses on Ashland avenue, was received and used by Joe Anderson in the erection of other buildings at other places in the city, and assert that appellant has not been able to prove or satisfy the parties that it actually furnished the material for which it now seeks to enforce its lien to Joe Anderson in the construction of the three houses on Ashland avenue, erected on the lots of Addie Anderson. Appellant company called several witnesses to prove its claim, but none of them were able to definitely say just what lumber and material were furnished to Anderson and used in the three houses now in contest. A large number of dray tickets signed by Anderson and his representatives for material delivered by appellant company were introduced in evidence as were also a number of receipts from appellant company and its agents to Anderson for payments on material, but these tickets, at least in part, did not bear the street number occupied by the Anderson house to which the material was furnished, and some of them were for material delivered at an entirely different street number. Among the receipts was one signed by appellant company showing the account of Anderson had been paid in full up to about the time of the completion of the Anderson houses, and appellees insist that this receipt, which does not state the amount but only that the account was paid in full, indicates that Anderson has paid his full account for materials used in the buildings on Ashland avenue. Appellant denies this, and undertakes to say that the receipt in full was for material furnished for another building at a different place, but the evidence upon this point is not as

clear and convincing as it should be. The numbers of the Anderson lots on Ashland avenue were 800, 802 and 804, and there is a receipt in the record from appellant company to Anderson for material furnished to 727 Ashland avenue, the next block, showing that the full account had been paid, but there was no building at that number or even in that block at that time. It is appellee's contention that the receipt in full for material furnished for 727 Ashland avenue was to cover the Anderson houses on Ashland avenue, which was the only work carried on by Anderson in that immediate section of the city, it being explained that at the time the buildings were first started there were no numbers upon the lots, and the numbers on the tickets were thus confused. The cause was referred by the court to the master to hear proof and to audit all claims against the Anderson houses, including appellants'. In doing this the commissioner heard a number of witnesses for appellant and reached the conclusion that the evidence for appellant was not sufficiently satisfactory to warrant the conclusion that the lien claimed by it should be sustained, and denied the claim. When this report of the commissioner was filed appellant objected and excepted to it, and the matter was heard before the chancellor, who, after consideration of the questions presented, concurred in the finding of the master commissioner and adjudged appellant not entitled to recover, holding that "a mechanic's lien will be denied where the testimony to prove it is uncertain, when it should be certain, the amounts are indefinite, rates are not explained, and books have been changed." We are unable to say from an inspection of the record that the learned chancellor was in error in his finding. We must, therefore, affirm his decree to this extent. But appellant was entitled to personal judgment against the Andersons, the petition stating a good cause of action against them. No such judgment was entered, perhaps by oversight, as the real contest was over the priorities of the several lien claims. To this extent the judgment is reversed, with directions to enter judgment in favor of appellant against appellees, Andersons.

Judgment affirmed in part and reversed in part.